IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN RICHARDSON,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>J. SULLIVAN,<br><br>　　　　　Defendant.<br>_____/ | CASE NO. 1: 04 CV-F 5394 REC DLB P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE DENIED IN PART AND GRANTED IN PART<br><br>[Doc. 52] |

**I.　Relevant Procedural History**

　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's amended complaint, filed June 18, 2004 against twenty five (25) defendants.  Plaintiff alleges that on November 22 and 28, 2003, he was sexually assaulted by other inmates in the prison dormitory while defendants Llamas and Punt were asleep on the job.  Plaintiff claims their supervisor, defendant Custer-Cole had previously caught them sleeping and warned them not to do so.  Plaintiff alleges all other defendants were informed or aware of the misconduct and failed to respond or investigate his claims and instead conspired to cover them up.  Plaintiff contends defendants were deliberately indifferent to his safety, in violation of the Eighth

Amendment. On December 13, 2004, defendants filed a motion to dismiss[1] on the grounds that plaintiff failed to exhaust administrative remedies and further that he fails to state a claim against any defendant except Llamas and Punt.  Plaintiff filed an opposition on February 3, 2005, and defendant filed a reply on April 27, 2005.

**II.     Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002).  Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001).  Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In deciding a motion to

---

[1] On January 20, 2005, defendant Covery filed a joinder to the motion and on April 27, 2005, the California Department of Corrections filed a joider in the motion.

2

1  dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and
2  decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has
3  failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

4  Here, defendants concede that plaintiff filed appeal Log No. CCI - 2-03-03173 dated December
5  19, 2003[2] which makes allegations similar to those in the amended complaint. *See* Declaration of S.
6  Whitlach, ¶ 6. The appeal bypassed the first level of review due to the seriousness of the allegations and
7  proceeded to the second level of review. *Id.* Defendants contend that on February 4, 2004, Lieutenant
8  Taylor attempted to interview plaintiff as required by Cal.Code Regs. Tit 15 § 3084.5(f)(1) but plaintiff
9  refused to be interviewed and therefore the appeal was cancelled at the Second Level of Review. *Id.*
10 Defendants assert that plaintiff did not appeal to the Third Level. *Id.*

11 In response, plaintiff states that he informed Lt. Taylor when he came to interview him on
12 February 4, 2004 that he had been interviewed by the Investigative Services Unit and he was not allowed
13 to talk to staff concerning the allegations until that investigation was complete. Plaintiff's Opposition,
14 p.8. Plaintiff contends that he then submitted the appeal to the Third Level but it was "illegally" rejected
15 because he had not obtained a second level of review.

16 The Court has reviewed the documents submitted by Defendants and Plaintiff. A Second Level
17 Appeal Response was issued on February 11, 2004 stating that, "All relevant documents and information
18 submitted in writing have been carefully reviewed and considered. A thorough review has been
19 conducted and evaluated in accordance with departmental policies and institutional procedures." *See*
20 Plaintiff's Opposition, Exhibit "F." The response then discusses evidence that the reviewer analyzed
21 and concludes,

22  Appellant does not provide convincing argument staff was negligent in their dealings with him. Appellant has a long history of making allegations toward staff in the form of
23  staff complaints. Appellant provided no witness testimony or supporting documentation has been offered to support Appellant's allegation of staff negligence. Due to
24  Appellant's refusal to cooperate with this review of his appeal, his claims are unsubstantiated, therefore even if this appeal had not been cancelled for lack of
25  cooperation, it would be denied at this second level of review. This concludes Appellant's appeal process, as the appeal is CANCELLED.
26
   *Id*. Contrary to defendant's argument, plaintiff did submit the appeal to the Third Level and received
27

28      [2]The appeal appears to be dated December 15, 2003. *See* Plaintiff's Opposition, Exhibit "B."

3

a response dated March 24, 2004 returning his appeal and stating,

> The enclosed documents are being returned to you for the following reasons: This office provides the Director's Level Review of inmate/parolee appeals. The form must be completed through the Second Level of Review on behalf of the Warden or Parole Region Administrator. Your appeal was rejected, withdrawn or cancelled. If you disagree with that decision, contact the Appeals Coordinator. You must comply with instructions from that office. Your assigned counselor, The Appeals Coordinator or your Parole Agent can answer any questions you may have regarding the appeals process. Library staff can help you obtain any address you need.

Plaintiff's Opposition, Exhibit "A." Under these circumstances, the Court finds that plaintiff has exhausted his administrative remedies. Plaintiff submitted his appeal as required to each level of review. Even though the appeal was "cancelled" at the second level, plaintiff's allegations were reviewed and he was informed that notwithstanding the cancellation, the appeal would have been denied. Thus, the allegations were reviewed on the merits and that decision could have been reviewed at the director's level. To require plaintiff to go back to the second level of review only to be denied would serve no purpose. The agency was given the first opportunity to resolve the dispute and therefore the principal purpose of administrative exhaustion has been satisfied. Furthermore, in Ngo v. Woodford, 403 F.3d. 620, 631 (9th Cir. 2005), the Ninth Circuit recently held that the PLRA's exhaustion requirement does not bar subsequent judicial consideration of an exhausted administrative appeal that was denied on state procedural grounds. Here, the Court finds that plaintiff exhausted his administrative remedies notwithstanding the rejection of his appeal at the Third Level on the procedural ground that it had been cancelled at the Second Level.

**III.  Defendants' Motion to Dismiss for Failure to State a Claim.**

In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and

1  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a).
2  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
3  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

4        A court may dismiss a complaint only if it is clear that no relief could be granted under any set
5  of facts that could be proved consistent with the allegations. Id. at 514.  Discovery and summary
6  judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious
7  claims." Id. at 512.  "'The issue is not whether a plaintiff will ultimately prevail but whether the
8  claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the
9  pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353
10 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin
11 v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party
12 on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  A motion
13 to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff
14 can prove no set of facts in support of the claim that would entitle him to relief.  See Hishon v. King &
15 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer
16 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

17       Defendants argue that plaintiff's allegations concerning all defendants except Llamas and Punt
18 concern actions subsequent or unrelated to the alleged incidents on November 22 and 28, 2003 and fail
19 to state a claim against these defendants.

20       **A.    Defendants Custer-Cole, Montgomery, Rodriguez, Veatch, Cornejo, Merryman, Wood, and Lewis.**
21 Plaintiff alleges that defendant Custer-Cole caught defendant Llamas and Punt asleep on the
22 night of the first sexual assault and reprimanded them, warning them of the consequences of them falling
23 asleep.  Plaintiff alleges that when defendant Custer-Cole left the unit office, Llamas and Punt went back
24 to sleep.  Plaintiff alleges that defendant Custer-Cole, along with defendants Montgomery, Rodriguez,
25 Veatch, Cornejo, Merryman, Wood, and Lewis have all at one time or another fallen asleep in the unit
26 office or seen another officer fall asleep and have failed to report the misconduct.

27       Plaintiff's allegations fail to state a claim for deliberate indifference to plaintiff's safety or
28 conspiracy to cover up misconduct because he has failed to allege specific conduct on the part of these

defendants that led to the alleged violation of his rights.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]  . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  While plaintiff alleges that these defendants have fallen asleep while on duty on other occasions, he does not allege that their conduct led to his injuries.

Plaintiff also fails to state a claim for conspiracy against these defendants because he fails to identify an underlying violation of a constitutional right.  In the context of conspiracy claims brought pursuant to section 1983, such a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants."  Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy.  Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

Plaintiff has not alleged any facts supporting the existence of a conspiracy between defendants. Further, plaintiff has not alleged facts demonstrating that defendants violated his constitutional rights. In order to state a cognizable claim for relief for conspiracy, plaintiff must establish that defendants conspired to violate an underlying constitutional right.  Plaintiff does not contend that these defendants knew of any potential danger and failed to protect him.  He only asserts that, after his attack,  defendants

conspired to cover up defendant Llamas and Punt's misconduct. These allegations fail to state a cognizable claim for relief under federal law.

### B. Defendants Sullivan and Schulteis.

As to defendants Sullivan (Warden) and Schulteis (Chief Deputy Warden), plaintiff alleges that are responsible for all prison employees and were advised of plaintiff's allegations following the incident but failed to initiate an investigation. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To show a prima facie case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a policy "so deficient that the policy itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege that defendants Sullivan and Schulteis participated in the alleged attack or that they failed to prevent the attack. Plaintiff alleges that, after the fact, they did not handle the investigation properly. These allegations do not state a claim for violation of plaintiff's civil rights and therefore the Court recommends that defendants Sullivan and Schulteis be dismissed.

### C. Defendants Quinones, Todd, Taylor, Peterson, Gonzales, Watson, Covey, Moore and Burgess.

Plaintiff alleges that after the attack, defendants Quinones, Todd, Taylor, Peterson, Gonzales, Watson, Covey, Moore and Burgess conspired to cover up the alleged sexual assault. As discussed, such allegations, without more, fail to state a claim under federal law. In order to state a cognizable claim for relief for conspiracy, plaintiff must establish that defendants conspired to violate an underlying constitutional right. Plaintiff does not allege that these defendants failed to prevent the attack or had involvement in the attack at all. He only makes general and conclusory statements about their failure to properly investigate his allegations. Such statements are insufficient to state a constitutional violation.

While defendants behavior may have been negligent, mere negligence is insufficient to state a claim under the Eighth Amendment. Moreover, to the extent that defendants violated plaintiff's rights under state law by failing to follow Title 15 regulations, those violations are insufficient to give rise to claims for relief under federal law.

To the extent plaintiff alleges that defendants conspired to deny his right to utilize the grievance procedure, these allegations also fail to state a claim because plaintiff does not have a protected interest in the grievance procedure under federal law. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10. A prison official's involvement and actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under section 1983.

### D.  Defendants Flores and Robinson.

Plaintiff fails to make any specific allegations against defendants Flores and Robinson. Because plaintiff has failed to link these defendants with some affirmative act or omission, the Court recommends that these defendants be dismissed. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

### E.  The California Department of Corrections and the Director of the California Department of Corrections.

Plaintiff names the "Director of the California Department of Corrections" as a defendant but makes no specific allegations against the Director. To the extent plaintiff seeks to hold the Director liable based on her supervisory position, as discussed above, supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the

claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Plaintiff has failed make any specific allegations regarding the Director and therefore the motion to dismiss this defendant should be granted.

The California Department of Corrections has also joined in the motion to dismiss, correctly noting that it is entitled to immunity under the Eleventh Immunity. While service was not authorized on the Department, to the extent plaintiff seeks to name the California Department of Corrections as a defendant, it should be dismissed as the Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991)(citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).

**IV.    Conclusion**

Based on the foregoing, it is HEREBY RECOMMENDED that defendants' motion to dismiss, be GRANTED in part as follows:

1. The Court recommends that defendants' motion to dismiss for failure to exhaust administrative remedies prior to filing suit be DENIED; and

2. The Court recommends that defendants' motion to dismiss for failure to state a claim be GRANTED and this action proceed on plaintiff's claims against defendants Llamas and Punt only.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections

///
///
///
///
///

9

with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 28, 2005**             /s/ Dennis L. Beck
3b142a                               UNITED STATES MAGISTRATE JUDGE