# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

BRYAN RICHARDSON,

               Plaintiff,

    v.

LLAMAS, et al.,

               Defendants.

_____/

CASE NO. 1:04-cv-05394-LJO DLB PC

FINDINGS AND RECOMMENDATIONS
RECOMMENDING DISMISSAL OF ACTION
FOR FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES

(Doc. 87)

OBJECTIONS DUE SEPTEMBER 3, 2007

A.    <u>Procedural History</u>

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint filed June 18, 2004, against defendants Llamas and Punt ("defendants") for deliberate indifference to plaintiff's safety in violation of the Eighth Amendment of the United States Constitution.

       On April 27, 2005, pursuant to Federal Rule of Civil Procedure 12(b), defendants filed a motion to dismiss for failure to state a claim upon which relief may be granted and for failure to exhaust the available administrative remedies. On July 29, 2005, the undersigned issued Findings and Recommendations recommending that defendants' motion to dismiss for failure to exhaust be denied pursuant to <u>Ngo v. Woodford</u>, 403 F.3d 620 (9th Cir. 2005). However, the court recommended that defendants' motion to dismiss for failure to state a claim be granted as to all defendants except Llamas and Punt and that this action proceed only against Llamas and Punt on plaintiff's Eighth Amendment claims. On October 6, 2005, the Robert E. Coyle issued an order

1

adopting the Findings and Recommendations in full.

In 2006, the United States Supreme Court reversed the decision in <u>Ngo v. Woodford</u>, 403 F.3d 620 (9th Cir. 2005).  <u>See</u> <u>Woodford v. Ngo</u>, 126 S.Ct. 2378, 2386 (2006).  On September 18, 2006, defendants Llamas and Punt filed a motion for summary judgment and a renewal of their motion to dismiss for failure to exhaust administrative remedies based on the change in the law.  Plaintiff filed an opposition on October 6, 2006 and defendants filed a reply on October 31, 2006.  Plaintiff filed a sur-reply on November 17, 2006.

B.     <u>Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies</u>

1.     <u>Legal Standard</u>

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life.  <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002).  Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated.  <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001).  "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required, <u>Woodford v. Ngo</u>, 126 S.Ct. 2378, 2386 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal," <u>id</u>. at 2382.  Exhaustion must occur prior to filing suit.  <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  <u>Wyatt</u>, 315 F.3d at 1119 (citing <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In

1    deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look

2    beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court

3    concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is

4    dismissal without prejudice. Id.

5        2.   Discussion

6        The California Department of Corrections has an administrative grievance system for

7    prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2006). The process is initiated by submitting

8    a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal

9    level, first formal level, second formal level, and third formal level, also known as the "Director's

10   Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being

11   appealed, and the process is initiated by submission of the appeal to the informal level, or in some

12   circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section

13   1997e(a), California state prisoners are required to use this process to exhaust their claims prior to

14   filing suit. Woodford, 126 S.Ct. at 2383; McKinney, 311 F.3d at 1199-1201.

15       In his amended complaint, plaintiff alleges that on November 22 and 28, 2003, he was

16   sexually assaulted by other inmates in the prison dormitory while defendants Llamas and Punt were

17   asleep on the job. Plaintiff claims their supervisor had previously caught them sleeping and warned

18   them not to do so. Plaintiff contends defendants were deliberately indifferent to his safety, in

19   violation of the Eighth Amendment.

20       Defendants argue that they are entitled to dismissal of this action because plaintiff failed to

21   exhaust the available administrative remedy process. Defendants concede that plaintiff filed appeal

22   Log No. CCI - 2-03-03173 dated December 15, 2003 which makes allegations similar to those in the

23   amended complaint. The appeal bypassed the first level of review due to the seriousness of the

24   allegations and proceeded to the second level of review. Defendants contend that on February 4,

25   2004, Lieutenant Taylor attempted to interview plaintiff as required by Cal.Code Regs. Tit 15 §

26   3084.5(f)(1) but plaintiff refused to be interviewed and therefore the appeal was cancelled at the

27   Second Level of Review. *See* Sampson Decl. ¶ 7(a); Cal. Code Regs. Tit. 15, §

28   3084.4(d)[cancellation of an appeal where inmate refuses to be interviewed or cooperate with the

1  reviewer.]  Plaintiff submitted his appeal to the third level where it was screened out and returned

2  to plaintiff because it had been cancelled at the institutional level for lack of cooperation.  *See*

3  Sampson Decl. ¶ 7(a); *see* Grannis Decl. ¶ 10(a).

4       Citing the Court' prior order denying defendant's motion to dismiss for failure to exhaust

5  administrative remedies, plaintiff argues exhaustion has already been decided.  Plaintiff again

6  contends that he exhausted all available administrative remedies by submitting his appeal to the third

7  level but prison officials returned it.

8       As defendants correctly point out, this Court's prior decision denying defendants' motion to

9  dismiss for failure to exhaust administrative remedies was decided pursuant to Ngo v. Woodford,

10  403 F.3d 620, 631 (9th Cir. 2005), which held that exhaustion occurred when an inmate's appeal was

11  barred by the appeals coordinator on procedural grounds and "no further level of appeal remained

12  in the state prison's internal appeals process."  However, on June 22, 2006, the United States

13  Supreme Court reversed the Ninth Circuit's decision in Ngo and held that "*proper* exhaustion of

14  administrative remedies is necessary" and the exhaustion requirement may not be satisfied "by filing

15  an untimely or otherwise procedurally defective . . . appeal."  Woodford v. Ngo, 126 S.Ct. 2378,

16  2386 (2006) (emphasis added).  "Proper exhaustion demands compliance with an agency's deadlines

17  and other critical procedural rules . . . ."  Id.       Here, plaintiff did not cooperate with the

18  interview at the second level of appeal and the appeal was therefore cancelled pursuant to title 15

19  § 3084.4(d).  *See* Sampson Decl., Ex. A.  The appeal response states that plaintiff "refused to be

20  interviewed regarding these issues, stating the matter had already been investigated, inappropriately

21  by Lt. Todd."  *Id.*  Plaintiff did not comply with the appeals process procedure and thus when he

22  attempted to bypass the institutional levels of appeal and go directly to the Director's level, his

23  appeal was rejected and returned for failing to complete the Second Level of review.  Based on the

24  current state of the law, plaintiff must comply with the agency's procedural rules and his failure to

25  do so bars subsequent judicial consideration.  Pursuant to the recent decision in Woodford, plaintiff

26  failed to exhaust the administrative remedies as mandated by section 1997e(a).

27       The court finds that plaintiff has not exhausted the available administrative remedies and that

28  defendants are entitled to dismissal of the action on this ground.  Based on the court's finding that

4

plaintiff did not exhaust the available administrative remedies prior to filing suit, the court does not reach defendant's other arguments. See Perez v. Wisconsin Dep't of Corr., 182 F.2d 532, 534 (7th Cir. 1999) (vacating judgment and remanding with instructions to dismiss for failure to exhaust in case where district court granted summary judgment to defendants on the merits and did not rule on their pending motion for dismissal based on failure to exhaust).

D.    Conclusion

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1.    Defendants' renewed motion to dismiss for failure to exhaust, filed September 18, 2006, be GRANTED; and

2.    Pursuant to 42 U.S.C. § 1997e(a), this action be dismissed, without prejudice, based on plaintiff's failure to exhaust the administrative remedies prior to filing suit.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  On or before September 3, 2007, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:    **August 20, 2007**            _____ /s/ **Dennis L. Beck** _____
                                                    UNITED STATES MAGISTRATE JUDGE